IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED 2017 FEB 22 PM 4:09
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| MARTIN DARNELL COBB, | § | |
| Reg. No. 78698-080, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-17-CV-43-FM |
| | § | |
| J.S. WILLIS, Warden, *et al.*, | § | |
|     Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Martin Darnell Cobb, a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] seeks relief from staff retaliation through a *pro se* petition for habeas corpus under 28 U.S.C. § 2241. He claims he is assisting the Inspector General with an investigation of staff members.[2] He insists that, as a consequence of his cooperation, he has "experienced staff retaliation in the form of excessive locker shakedowns, frivolous seizures …, [and] harassment …"[3] He seeks Court intervention to stop the "threats" and allow him to "exit this facility peacefully and without incident in less than 105 days."[4]

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a [civil rights] complaint."[5] A Court will not grant a petition for § 2241 relief

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial limits of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet 7, Feb. 15, 2017, ECF No. 1.

[3] *Id.* at 4.

[4] *Id.* at 6.

[5] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

unless the petitioner is "in custody in violation of the Constitution or law or treaties of the United States."[6] The "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose."[7] Indeed, "habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration."[8] Allegations complaining of the rules, customs, and procedures affecting conditions of confinement or treatment of prisoners are properly brought in a civil rights action under 42 U.S.C. § 1983 or *Bivens*.[9]

The distinction between a petition for habeas corpus and a civil rights action sometimes becomes blurred when an inmate attacks unconstitutional conditions of confinement that may affect the timing of his release from prison.[10] The Fifth Circuit has therefore adopted a bright-line rule: claims which would result in the inmate's immediate or accelerated release from prison must be pursued in a petition for writ of habeas corpus, while claims which would not automatically entitle the inmate to an immediate or earlier release from prison must be pursued as a civil rights complaint.[11]

---

[6] 28 U.S.C. § 2241(c)(3) (2012).

[7] *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam).

[8] *Granville v. Hunt*, 411 F.2d 9, 12 (5th Cir. 1969).

[9] *See* 42 U.S.C. § 1983 (2012) (creating a private right of action for redressing violations of federal law by state officials acting under color of state law); *Inyo County v. Paiute-Shoshone Indians of the Bishop City.*, 538 U.S. 701, 708 (2003); *Ballad v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). As the Respondents are federal officials, acting under the color of federal law, Cobb's claims are properly brought as a *Bivens* action, rather than a suit under § 1983. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a right implied directly under the Constitution to recover damages against a federal official for a violation of a constitutional right); *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials.").

[10] *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

[11] *Id.* at 821; *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166,

In his petition, Cobb complains about "staff retaliation" as a result of his cooperation with an investigation of prison officials.[12] A favorable determination on his claim will not automatically entitle him to an accelerated release from prison.[13] Thus, the Court concludes that it should deny Cobb's § 2241 petition, pursuant to 28 U.S.C. § 2243,[14] without prejudice to him pursuing his claims in a civil rights action.[15]

Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Cobb's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED** and his civil cause is **DISMISSED WITHOUT PREJUDICE** because it appears from the face of his petition that he is not entitled to § 2241 relief.

**IT IS ALSO ORDERED** that all other pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this _____22_____ day of February, 2017.

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

168 (5th Cir. 1994).

[12] Pet'r's Pet. 4.

[13] *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention.").

[14] *See* 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[15] *Carson*, 112 F.3d at 820–21.